

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*          *(973) 645-2700*
*Newark, New Jersey 07102*

AF
2017R00056

September 12, 2017

Perry Primavera, Esq.
Law Offices of Perry Primavera, LLC
21 Main Street, Court Plaza South-East Wing
Suite 305, Hackensack, NJ 07601

*18-54*

Re:  Plea Agreement with Chad Brown

Dear Mr. Primavera:

This letter sets forth the plea agreement between your client, Chad Brown ("BROWN"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on **September 26, 2017** if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from BROWN to a one-count Information that charges him with conspiracy to commit bank fraud contrary to 18 U.S.C. § 1344 in violation of 18 U.S.C. § 1349. If BROWN enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against BROWN for conspiring with Yaseen Salih and others to commit bank fraud, between in or about September 2015 and in or about May, 2017, by, among other things, recruiting account holders, impersonating back office bank employees, withdrawing cash using compromised debit cards, and purchasing Postal Money Orders from the United States Postal Service. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, BROWN agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by BROWN may be commenced against him, notwithstanding the expiration of the limitations period after BROWN signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. §§ 1344 and 1349 to which BROWN agrees to plead guilty in the Information carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon BROWN is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence BROWN ultimately will receive.

Further, in addition to imposing any other penalty on BROWN, the sentencing judge: (1) will order BROWN to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order BROWN to pay restitution pursuant to 18 U.S.C. § 3663A; (3) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (4) pursuant to 18 U.S.C. § 3583, may require BROWN to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should BROWN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, BROWN may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, BROWN agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying such offense, to the following victims in the following amounts: (1) TD Bank, in the amount of approximately

- 2 -

$391,555.75; and (2) J.P. Morgan Chase in the amount of approximately $494,084.30.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on BROWN by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of BROWN's activities and relevant conduct with respect to this case.

## Stipulations

This Office and BROWN agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or BROWN from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and BROWN waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing,

- 3 -

including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

BROWN agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(2), he will consent to the entry of a forfeiture money judgment as described below.

BROWN will consent to the entry of a forfeiture money judgment in the amount of $ $13,757.99 in United States currency (the "Forfeiture Money Judgment") representing the property constituting or derived, directly and indirectly, from proceeds traceable to the commission of the offense contrary to 18 U.S.C. §§ 1344 and 1349 charged in the Information, which constitute specified unlawful activities within the meaning of 18 U.S.C. § 1956(c)(7)(D).

Payments of the Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102, Attention: Asset Forfeiture and Money Laundering Unit.

BROWN further agrees to forfeit his interest in any other property, including substitute assets pursuant to 21 U.S.C. § 853(p) (as incorporated by 18 U.S.C. § 982(b)) in full or partial satisfaction of the Forfeiture Money Judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full. BROWN further agrees to fully cooperate with the Office in establishing a payment plan, surrendering assets, or in any other action taken by the Office to satisfy the Forfeiture Money Judgment.

BROWN further agrees to consent to the immediate entry of an order of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. BROWN understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, BROWN waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

- 4 -

BROWN represents that he has disclosed all of his assets to the United States on the attached Financial Disclosure Statement. BROWN agrees that if the government determines that he has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, BROWN consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, BROWN knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. BROWN further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Immigration Consequences

BROWN understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. BROWN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. BROWN wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. BROWN understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, BROWN waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against BROWN. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against BROWN.

- 5 -

No provision of this agreement shall preclude BROWN from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that BROWN received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between BROWN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

WILLIAM E. FITZPTRICK
Acting United States Attorney

By:  ARI B. FONTECCHIO
Assistant U.S. Attorney

APPROVED:

BARBARA LLANES
Chief, General Crimes Unit

- 6 -

I have received this letter from my attorney, Perry Primavera, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_Chad B_____                    Date:  /0 · 2 · /7
CHAD BROWN


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____                    Date:  /0 · 2 · /7
Perry Primavera, Esq.

- 7 -

Plea Agreement with Chad Brown

Schedule A

1. This Office and Chad Brown ("BROWN") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and BROWN nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence BROWN within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and BROWN further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case.

3. The applicable guideline for conspiracy is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense. Because the substantive offense is bank fraud, the applicable guideline is U.S.S.G. § 2B1.1(a)(1), which carries a Base Offense Level of 7.

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(H) applies to the offense of conviction because the offense involves losses of more than $1,500,000 and less than $3,500,000. The offense level is therefore increased by 16 levels.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(10)(C) applies to the offense of conviction because the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means. The offense level is therefore increased by 2 levels.

6. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(11)(A)(ii) applies to the offense of conviction because the offense involves the possession or use of an authentication feature. The offense level is therefore increased by 2 levels. The Adjusted Base Offense Level for the offense of conviction is therefore 27.

7. As of the date of this letter, it is expected that BROWN will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and BROWN's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of

- 8 -

responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

8. As of the date of this letter, BROWN has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in BROWN's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) BROWN enters a plea pursuant to this agreement, (b) this Office in its discretion determines that BROWN's acceptance of responsibility has continued through the date of sentencing and BROWN therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) BROWN's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to BROWN is **24** (the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

11. BROWN knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of **24**. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of **24**. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding

paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.